**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C. 20004**

**A.J. KRAMER**　　　　　　　　　　　　　　　　　　　　　　　　Telephone (202) 208-7500
*Federal Public Defender*　　　　　　　　　　　　　　　　　　　　　FAX (202) 208-7515

January 6, 2024

The Honorable Mark J. Langer, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, D.C. 20001

　　　　　Re:　*United States v. Couy Griffin*, No. 22-3042, argued on
　　　　　　　　December 4, 2023, before Judges Pillard, Katsas, and Rogers

Dear Mr. Langer:

　　　Pursuant to FRAP 28(j), we write to advise the Court of new authority holding that § 1752(a)(1) requires knowledge of the presence of a Secret Service protectee.

　　　*See United States v. Groseclose*, No. 21-cr-311(CRC), ECF #99 (Jan. 5, 2024) at 10 (government's contention that the presumption that mens rea extends to all elements is inapplicable here because a protectee's presence is not necessary to delineate innocent from criminal conduct "flips the rules of statutory interpretation"; such presumption is intended as a "buffer *against* the most natural reading of the text" in cases where "there is no specified scienter or when the most grammatical reading . . . does not support extending the mens rea requirement"; no such buffer is needed "when, as here, the statute's plain text *supports* extending the specified mens rea requirement."); 13 (regarding the statute's protective purpose, "hardly unreasonable to believe Congress would have deemed an individual who knowingly breaches a 'restricted building or grounds'" a bigger threat than a trespasser unaware of what lies beyond perimeter; reading § 1752 to cover only the former would not prevent law enforcement from taking action on-scene to mitigate threat but only limit after-the-fact prosecution of this particular charge.).

As to *United States v. Feola*, 420 U.S. 671 (1975), *Groseclose* (at 13-19) explains why a protectee's presence is not the kind of "jurisdictional only" element to which mens rea need not apply (*Feola* at 676 n.9) where 1) § 1752 is more wrongful/serious than standard trespass, and 2) unlike the assault-on-a-federal-officer statute in *Feola*, which simply duplicated run-of-the-mine state-law offenses to create a federal forum in the event a state declined to prosecute, Congress in 2006 seems to have reconceptualized § 1752 as not just conferring federal jurisdiction over a state crime, but as an aggravated type of trespass, doubling the standard six-month penalty to one year to make it consistent with the penalty for knowingly interfering with Secret Service agents engaged in protective functions. "To warrant the enhanced penalty, the culprit must know that, in some sense, he is endangering the Secret Service and their protectees." *Id.* at 19.

                                                  Respectfully submitted,

                                                  A.J. KRAMER
                                                  FEDERAL PUBLIC DEFENDER

                                                  _____/s/_____
                                                  LISA B. WRIGHT
                                                  Assistant Federal Public Defender
                                                  625 Indiana Ave., N.W., Suite 550
                                                  Washington, D.C. 20004
                                                  (202) 208-7500
                                                  lisa_wright@fd.org
                                                  *Counsel for Appellant Couy Griffin*

## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing Rule 28(j) letter contains 350 words in Times New Roman 14 pt. font and does not exceed the word limit of Fed. R. App. P. 28(j).

                                                  _____/s/_____
                                                  LISA B. WRIGHT