

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, NW*
*Washington, D.C. 20530*

January 9, 2024

Mark J. Langer, Clerk
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue, N.W., Room 5423
Washington, D.C. 20001-2866

    Re:   *United States v. Couy Griffin*, No. 22-3042
           Oral argument held December 4, 2023, before Judges Pillard, Katsas, and Rogers

Dear Mr. Langer:

    Pursuant to Federal Rule of Appellate Procedure 28(j), the government responds to appellant's January 6, 2024, submission of *United States v. Groseclose*, 2024 WL 68248 (D.D.C. 2024), as supplemental authority to this Court.

    *Groseclose* supports the government's argument that Congress did not intend to require a defendant to know why a particular area is restricted under 18 U.S.C. § 1752(c)(1)(A)-(C) because, "like jurisdictional elements, these requirements have nothing to do with the wrongfulness of the defendant's conduct[.]" Brief for the United States at 43 (quotation marks omitted).

    *Groseclose* explained that "[j]urisdictional elements are subject to a different set of rules when it comes to mens rea. Even if a plain grammatical reading suggests otherwise, scienter requirements usually do not apply to purely jurisdictional elements because they 'normally

have nothing to do with the wrongfulness of the defendant's conduct.'" 2024 WL 68248, at *6 (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019)). *Groseclose* noted that "'the significance of labeling a statutory requirement as "jurisdictional" is not that the requirement is viewed as outside the scope of the evil Congress intended to forestall, but merely that the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.'" *Id.* at *7 (quoting *United States v. Feola*, 420 U.S. 671, 676 n.9 (1975)). And it concluded that, when Congress first enacted § 1752, "the requirement that a Secret Service protectee be on the premises would appear to be 'jurisdictional only' in much the way *Feola* described." *Id.*; *see also, e.g.*, *United States v. Burwell*, 690 F.3d 500, 537 n.10 (D.C. Cir. 2012) (en banc) (Kavanaugh, J., dissenting) ("Elements are jurisdictional-only if they seek only to confer jurisdiction on the federal courts. A typical example is the federal status of property or the federal affiliation of an individual.") (quotation marks and citation omitted).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney

        CHRISELLEN R. KOLB
        Assistant United States Attorneys

        _____/s/_____
        DANIEL J. LENERZ
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC  20530

cc:    Lisa B. Wright, Esq.
       Assistant Federal Public Defender
       625 Indiana Avenue NW, Suite 550
       Washington, D.C. 20004