**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C. 20004**

A.J. KRAMER                                                          Telephone (202) 208-7500
*Federal Public Defender*                                            FAX (202) 208-7515

February 19, 2024

The Honorable Mark J. Langer, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, D.C. 20001

        Re:   *United States v. Couy Griffin*, No. 22-3042, argued on December 4, 2023, before Judges Pillard, Katsas, and Rogers

Dear Mr. Langer:

The holding in *United States v. Carnell*, Crim. 23-139 (BAH) – that the "USSS-protectee requirement" is jurisdictional-only – conflates:

    1) the protectee's *presence*; with

    2) the protectee's *status* as a protectee.

Appellant asserts he had to know the fact of the Vice President's presence, not his legal status, and the government's brief never claimed the protectee's presence is jurisdictional.

The government argued only that "*like* jurisdictional elements," such presence "'ha[s] nothing to do with the [conduct's] wrongfulness.'" GB:43 (emphasis added) (quoting *Rehaif v. United States*, 139 S.Ct. 2191, 2196 (2019)).

But the protectee's presence has everything to do with the conduct's wrongfulness. Section 1752(a)(1), as applied to visiting protectees, was never a federalization of "trespass." It is not about enforcing anyone's property rights. It is

1

a person-protecting statute, enacted in the wake of assassinations, to keep potential threats at appropriate distance from traveling protectees. Proximity was "the evil Congress [sought] to prevent" (*Rehaif*, *id.*).

For on-the-move protection zones, trespass law cannot do the job because entering a "restricted" area is not wrongful trespass if not against the will of the property owner. If a public sidewalk outside Starbucks is posted "closed," it is not criminal "trespass" to keep walking. It is the *protectee's presence inside* that criminalizes continuing past, and therefore, the scienter presumption – *if* brought into play by textual ambiguity – would, absent more general notice of the sidewalk's special status, require such presence be known.

Just as a § 111 defendant must know he is assaulting the victim (if not his/her federal-officer status), appellant had to know he was in unauthorized proximity of "the Vice President" (Appx:110) (if not his protectee status). This *presence* requirement cannot be jurisdictional because the mere presence of someone like Charlotte Pence would provide no basis for constitutional jurisdiction. Only her *status* as a Secret Service protectee could justify federal prosecution.

Finally, Congress may require knowledge of elements that are not necessary for wrongfulness, including jurisdictional elements. The scienter presumption imposes a floor, not a ceiling, and courts may not employ a tool used to infer unstated/unclear Congressional intent to overrule an intent dictated by text.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
LISA B. WRIGHT
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
lisa_wright@fd.org
*Counsel for Appellant Couy Griffin*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Rule 28(j) letter contains 350 words in Times New Roman 14 pt. font and does not exceed the word limit of Fed. R. App. P. 28(j).

_____/s/_____<br>
LISA B. WRIGHT