**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF COLUMBIA**
**SUITE 550**
**625 INDIANA AVENUE, N.W.**
**WASHINGTON, D.C. 20004**

A.J. KRAMER                                             Telephone (202) 208-7500
*Federal Public Defender*                                        FAX (202) 208-7515

September 21, 2024

The Honorable Mark J. Langer, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, D.C. 20001

      Re:   *United States v. Couy Griffin*, No. 22-3042, argued on December 4, 2023, before Judges Pillard, Katsas, and Rogers

Dear Mr. Langer:

Pursuant to FRAP 28(j), we write to advise the Court of new authority holding that § 1752(a)(1) requires knowledge of the presence of a Secret Service protectee.

In a Memorandum Opinion in *United States v. Vaglica*, No. 23-cr-429, ECF #62 (Sept. 19, 2024), Judge Kollar-Kotelly concludes that the textual, structural, and historical evidence that the protectee's presence is a "substantive" element subject to § 1752's "knowingly" *mens rea* outweighs evidence that it is "purely jurisdictional," reasoning as follows:

Text is the best evidence of Congress's intent and the most natural reading of the text is that the "knowingly" *mens rea* applies to the protectee-presence element. *Id.* at 4.

Looking beyond the plain text, the presumption of scienter calls for application of the "knowingly" *mens rea* "to all material elements of the offenses defined in Section 1752(a)." *Id.* at 5.

1

USCA Case #22-3042   Document #2076143   Filed: 09/21/2024   Page 2 of 3

As to whether the protectee's presence is a "material" element, the presumption of scienter does not attach to "purely 'jurisdictional'" elements, which "'normally have nothing to do with the wrongfulness of the defendant's conduct.'" *Id.* at 5-6 (citations omitted). But here, while the protectee-presence element "is not a bright line that 'separat[es] legal innocence from wrongful conduct,'" the "presence of a Secret Service protectee is integral to 'the evil Congress [sought] to prevent.'" *Id.* at 6-7 (citations omitted).

The historical evidence that, "throughout the evolution of Section 1752, Congress has been principally concerned with punishing and deterring trespasses that threaten the safety of Secret Service protectees, rather than with preventing trespasses into restricted areas more generally," supports the conclusion that the presence of a protectee is a substantive element. *Id.* at 7-8. The evolution of the penalty provisions adds some weight to this conclusion. *Id.* at 8-10.

Unlike elements that have been found to be "jurisdictional only," the protectee-presence element targets a narrow slice of the conduct Congress may permissibly regulate, "addressing a form of trespass that is particularly wrongful and that has unusual potential to harm the interests of the United States." *Id.* at 10-11.

Considering text and context, knowledge of this substantive element is required.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
LISA B. WRIGHT
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
lisa_wright@fd.org
*Counsel for Appellant Couy Griffin*

2

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Rule 28(j) letter contains 346 words in Times New Roman 14 pt. font and does not exceed the word limit of Fed. R. App. P. 28(j).

                                                    _____/s/_____
                                                    LISA B. WRIGHT