UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-3042

UNITED STATES OF AMERICA, Appellee,

v.

COUY GRIFFIN, Appellant.

# APPELLEE'S MOTION TO VACATE CONVICTION AND REMAND FOR DISMISSAL

Pursuant to the Executive Order issued by President Donald J. Trump dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, the United States moves this Court to vacate appellant Couy Griffin's conviction and to remand the case to the district court for dismissal with prejudice pursuant to Federal Rule of Criminal Procedure 48(a). Griffin's deadline to move for rehearing en banc is currently March 21, 2025, and thus the government respectfully requests that the Court extend that deadline for as long as necessary to decide this motion.

In support of this motion, the United States submits as follows:

1. In the Executive Order issued on January 20, 2025, President Trump directed the Attorney General to pursue dismissal with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021.

2. The United States respectfully submits that Rule 48(a) provides the appropriate procedural mechanism to accomplish the dismissal directed by the Executive Order. *See, e.g.*, *United States v. Watts*, 422 U.S. 1032, 1032 (1975) ("Upon representation of the Solicitor General set forth in his brief for the United States filed May 2, 1975, judgment vacated, and case remanded to the United States District Court for the Northern District of Georgia to permit the Government to dismiss charges against petitioner."); *Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of the pending application to vacate the judgment and dismiss the indictment."); *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999) ("Under Federal Rule of Criminal Procedure 48(a), the government has the power to move to

dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final.").

3. The government has contacted Griffin's counsel, Lisa Wright, Esq., who has indicated that she does not oppose the vacatur of Griffin's conviction. Counsel stated that it had been Griffin's intention to seek en banc review from this Court, and, if necessary, review in the Supreme Court, and that Griffin believes the panel opinion should be vacated along with his conviction. *See United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (en banc).

4. The government disagrees with Griffin's position on vacatur of the panel opinion. In *United States v. Munsingwear, Inc.*, the Supreme Court stated that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." 340 U.S. 36, 39 (1950). The Court subsequently explained:

> Because this practice is rooted in equity, the decision whether to vacate turns on "the conditions and circumstances of the particular case." *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 478 (1916). One clear example where "[v]acatur is in order" is "when mootness occurs through . . . the 'unilateral action of the party who

3

> prevailed in the lower court.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71-72 (1997) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994)). "'It would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment.'" 520 U.S., at 75 (alterations omitted).

*Azar v. Garcia*, 584 U.S. 726, 729 (2018). The purpose underlying this rule "is to prevent an unreviewable decision from spawning any legal consequences, so that no party is harmed by . . . a 'preliminary' adjudication." *Camreta v. Greene*, 563 U.S. 692, 713 (2011).

Vacatur is an "extraordinary remedy," and it is the burden of "the party seeking relief from the status quo of the appellate judgment" to show "equitable entitlement" to relief. *U.S. Bancorp Mortgage Co.*, 520 U.S. at 26. Vacatur "is an equitable remedy, not an automatic right." *Moore v. Thurston*, 928 F.3d 753, 758 (8th Cir. 2019). "[W]hen federal courts contemplate equitable relief," they must "take account of the public interest." *U.S. Bancorp Mortgage Co.*, 520 U.S. at 26. "'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" *Id.* (quoting *Izumi Seimitsu*

*Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).

The Supreme Court "has never applied *Munsingwear* in a criminal case, so it is not clear that its general principles apply in this context." *United States v. Silva*, No. 22-5954, 2023 WL 3001570, at *3 (6th Cir. Apr. 19, 2023); *see United States v. Tapia-Martinez*, 361 F.3d 535, 537-38 (9th Cir. 2004) ("It is an open question, however, whether the vacatur rule of *Munsingwear* even applies in criminal cases, given the [Supreme] Court's repeated statements that vacatur is the governing practice in civil cases. . . . The Supreme Court has never applied *Munsingwear* in a criminal case. Neither have we."). We acknowledge, however, that while sitting en banc in a criminal case, this Court has said: "When a case becomes moot on appeal, whether it be during initial review or in connection with consideration of a petition for rehearing or rehearing en banc, this court generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss." *Schaffer*, 240 F.3d at 38.

Even assuming the correctness of *Schaffer*'s "general[ ]" rule, there are good reasons not to apply it here. The government agrees that

5

Griffin's conviction should be vacated and the case against him dismissed with prejudice. This resolution "remov[es] the prime reason for vacatur— to protect the losing party from the collateral effects of a judgment that it might have been able to have overturned but for the mooting event." *Clarke v. United States*, 915 F.2d 699, 707 (D.C. Cir. 1990) (en banc); *see Camreta v. Greene*, 563 U.S. at 713 ("The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication.") (quoting *Munsingwear*, 340 U.S. at 40-41). Given that Griffin has been pardoned and the case against him will be dismissed with prejudice, there is no possibility that he can again stand trial for his actions at the Capitol on January 6; there is thus no need "to clear the path for future relitigation of the issues raised." *Flynt v. Weinberger*, 762 F.2d 134, 135-36 (D.C. Cir. 1985); *see Camreta*, 563 U.S. at 714 n.11 (explaining that the Court was vacating only the part of the lower court's ruling "that has prospective effects on [the petitioner]").

Under the circumstances of this case, allowing the panel decision to stand will have no adverse legal consequences on Griffin, and thus vacatur of that opinion would not serve the purposes of *Munsingwear*. As

the Ninth Circuit explained in a case where the case against a defendant was dismissed with prejudice after a guilty verdict:

> [T]here [will be] no final judgment of conviction in this case; instead, there [will be] a final judgment of dismissal with prejudice. This lack of a final judgment of conviction precludes the attachment of "legal consequences," *Camreta*, 563 U.S. at 713, such as a sentencing enhancement in a subsequent criminal case or claim or issue preclusion in a civil case. For this reason, vacating the verdict here would not serve the purposes of *Munsingwear*.

*United States v. Arpaio*, 951 F.3d 1001, 1006 (9th Cir. 2020).

Here, Griffin will suffer no harm from his "inability to [challenge] the [panel] decision." *Acheson Hotels LLC v. Laufer*, 601 U.S. 1, 19-20 (2023) (Jackson, J., concurring). There will be no legal consequences to Griffin if the panel decision is allowed to stand, but the public will benefit by allowing that "presumptively correct and valuable" judicial precedent to stand. *U.S. Bancorp Mortgage Co.*, 520 U.S. at 26. Griffin thus cannot show an "equitable entitlement" to the "extraordinary remedy" of vacatur of the panel opinion. *Id.*

## Conclusion

WHEREFORE, the United States respectfully requests that this Court enter an order vacating the defendant's convictions and remanding the case to the district court for dismissal under Federal Rule of Criminal Procedure 48(a), while leaving the panel opinion intact.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

/s/
DANIEL J. LENERZ
D.C. Bar #888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means upon appellant's attorney, Lisa Wright, Esq., Lisa_Wright@fd.org, on this 18th day of March, 2025.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 1,611 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney