UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Appellee,  )<br>  )<br>v.  )<br>  )<br>COUY GRIFFIN,  )<br>  )<br>Appellant.  )  | No. 22-3042 |

# APPELLANT'S MOTION TO VACATE PANEL OPINION AND RESPONSE TO APPELLEE'S MOTION TO VACATE CONVICTION AND REMAND FOR DISMISSAL

Appellant Couy Griffin, through undersigned counsel, respectfully moves this Court to vacate the panel opinion in this case. The government, pursuant to the Executive Order dated January 20, 2025, Granting Pardons and Commutations for Certain Offenses Relating to the Events at Or Near the Capitol on January 6, 2021, has filed a Motion to Vacate Conviction and Remand for Dismissal, indicating its intent to dismiss this case with prejudice pursuant to Federal Rule of

1

Criminal Procedure 48(a), but arguing against vacatur of the panel opinion.

Given that this Court has, in response to identical motions in January 6th cases (and even over objection), vacated the district courts' judgments and remanded with instructions to dismiss such cases as moot, Mr. Griffin is not opposing the government's pending motion here. Mr. Griffin does, however, seek to have the panel opinion in this matter vacated given that the executive action will unilaterally moot his case and deny him the right to seek further review *en banc* or in the Supreme Court. Mr. Griffin therefore requests that this Court, if it grants the government's motion, also vacate the panel opinion.

In support of this motion, Mr. Griffin submits:

1. On March 22, 2022, Mr. Griffin was convicted after a bench trial before the Honorable Trevor N. McFadden of knowingly entering or remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1). On June 17, 2022, Mr. Griffin was sentenced to 14 days of imprisonment and one year of supervised release, both of which he has fully served.

2. Mr. Griffin appealed, and on October 22, 2024, a panel majority of this Court (Judges Pillard and Rogers) affirmed his conviction over the dissent of Judge Katsas.

3. Mr. Griffin sought and obtained an extension of time to file his petition for rehearing until February 4, 2025.

4. After the issuance of the January 20th Executive Order, counsel for the government indicated that, pursuant to that Order, it intended to file a Motion to Vacate Conviction and Remand for Dismissal in this case.

5. After the government filed such a motion in *United States v. Alberts*, No. 23-3218, and this Court, over Alberts's objection, vacated his conviction and remanded with instructions to dismiss the case as moot, undersigned informed counsel for the government that, in light of *Alberts*, Mr. Griffin would not oppose its motion in his case.

6. The government's position concerning vacatur of the panel opinion remained under consideration and Mr. Griffin obtained an extension to file a rehearing petition through March 21, 2025, on the continued understanding that, in any event, the government would be dismissing the case.

3

7.  On March 19, 2025, the government filed its Motion to Vacate Conviction and Remand for Dismissal, in which it asserted its disagreement with Mr. Griffin's position that the panel opinion should be vacated along with the conviction. That same day, the panel granted Mr. Griffin's request that any petition for rehearing be due one week from the Court's disposition of the government's motion to vacate and remand for dismissal.

8.  Mr. Griffin submits that the government's position with respect to vacatur of the panel opinion is wrong and contends that, the government having unilaterally mooted any further appeal by moving to dismiss its prosecution, equity requires that the panel opinion be vacated. *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (*en banc*).

*Schaffer* was a criminal case in which the government's appeal of the grant of a new trial – on *en banc* review at the defendant's request – was mooted by the defendant's pardon. This Court, *en banc*, vacated "all opinions, judgments, and verdicts of this [C]ourt and the District Court" and remanded to the district court with directions to dismiss the case as moot, reasoning that "[f]inality was never reached on the *legal question*

4

of Schaffer's guilt" "because the appeals process was terminated prematurely." *Id.* at 38 (emphasis in original). The Court stated its rule clearly:

> When a case becomes moot on appeal, whether it be during initial review or in connection with consideration of a petition for rehearing *en banc*, this [C]ourt generally vacates the District Court's judgment, *vacates any outstanding panel decisions*, and remands to the District Court with direction to dismiss.

*Id.* (emphasis added) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.")).

This Court in *Schaffer* reasoned that vacatur was "just and appropriate" "[b]ecause the present mootness results not from any voluntary act of settlement or withdrawal by Schaffer, but from the unpredictable grace of a presidential pardon." 240 F.3d at 38 (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24-25 (1994)).

5

Here, too, the Executive Order stemming from a presidential pardon and directing the government to dismiss this case was an unpredictable act that unilaterally mooted Mr. Griffin's case. Mr. Griffin's appeal at the panel level was decided over a strong dissent by Judge Katsas. Given the significant legal issues raised, Mr. Griffin had every intention of pursuing *en banc* review and, if necessary, Supreme Court review. His claim regarding the *mens rea* required for a violation of §1752 raised the broader legal question about the presumptive *mens rea* to be applied when a criminal offense element has both a substantive and a jurisdictional component – an important legal question of the type on which further review is often granted. But here, as in *Schaffer*, through no action by Mr. Griffin, the issue on appeal – the validity of the guilty verdict against Mr. Griffin – will "remai[n] only an unanswered question lost to the same mootness that the [government] . . . concedes." 240 F.3d at 38. "The same is true of [Mr. Griffin's] claim of innocence. That claim will never again be tried." *Id.* Mr. Griffin thus is entitled to have the panel's opinion vacated.

The government argues that the Supreme Court has never applied *Munsingwear* in a criminal case, but that is not correct. In *Claiborne v.*

*United States*, 551 U.S. 87 (2007), the Court vacated the Eighth Circuit judgment as moot under *Munsingwear* after the death of the defendant-petitioner who was on certiorari defending a sentencing variance granted by the district court.

In any event, the government recognizes that this Court *en banc* in *Schaffer* applied *Munsingwear* in the context of a criminal case. The government argues against applying the *Schaffer* rule here but fails to provide any reason for why *Schaffer* is distinct from Mr. Griffin's case. According to the government, because Mr. Griffin's conviction will be vacated and his case dismissed, allowing the unreviewed panel opinion affirming his conviction to stand will have no adverse legal consequence for Mr. Griffin. But nothing vacated in *Schaffer* could harm Schaffer once that case was mooted by his pardon. Nevertheless, this Court did not simply order Schaffer's case dismissed as moot, but vacated every "opinion, judgment, and verdict of this [C]ourt and the District Court." 240 F.3d at 38.

More importantly, here, unlike in *Schaffer,* there exist potential adverse legal consequences to Mr. Griffin, whose pursuit of further review was cut short through no action of his own. In particular,

7

because the verdict in Mr. Griffin's case grew out of the events of January 6, 2021, he lost his position as a New Mexico County Commissioner under the Insurrection Clause of the United States Constitution. If he were to try again to run for political office, the existence of a precedent by a panel of this Court rejecting his legal theory and affirming his conviction would prejudice his claim of innocence – innocence that, as *Schaffer* noted, will never be finally determined in this case.

It is neither fair nor in the public interest to treat as precedent "a decision which in the statutory scheme was only preliminary," *Munsingwear*, 340 U.S. at 40, and could well have been on course to reversal but for the government's mooting of Mr. Griffin's direct appeal.

WHEREFORE, appellant respectfully moves this Court to vacate the panel opinion in this case.

> Respectfully submitted,
>
> A. J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> /s/
> _____
> LISA B. WRIGHT
> Asst. Federal Public Defender
> 625 Indiana Avenue, N.W., Suite 550
> Washington, D.C. 20004
> (202) 208-7500
> lisa_wright@fd.org

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify that the foregoing Motion to Vacate Panel Opinion and Response to Appellee's Motion to Vacate Conviction and Remand for Dismissal was prepared in Century Schoolbook proportionally spaced 14-point font, Fed. R. App. P. 27(d), and contains 1378 words.

> /s/
> _____
> Lisa B. Wright