UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 22-3042

———————————

UNITED STATES OF AMERICA,                                    Appellee,

    v.

COUY GRIFFIN,                                                Appellant.

# UNITED STATES' RESPONSE TO APPELLANT'S MOTION TO VACATE PANEL OPINION AND REPLY IN SUPPORT OF MOTION TO VACATE CONVICTION AND REMAND FOR DISMISSAL

On January 20, 2025, President Donald J. Trump pardoned appellant Couy Griffin, among others. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). Pursuant to the President's executive order directing the Attorney General to pursue dismissal with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021, *id.*, the government has moved this Court to vacate Griffin's conviction and to remand the case to the district court for dismissal with prejudice under

Federal Rule of Criminal Procedure 48(a). Griffin does not oppose that relief (see Appellant's Motion to Vacate Panel Opinion (Mot.) at 2).

As a result of the President's pardon and the vacatur of Griffin's conviction, Griffin will suffer no legal consequences if the panel's opinion is left in place. *See United States v. Arpaio*, 951 F.3d 1001, 1006 (9th Cir. 2020) ("[T]here [will be] no final judgment of conviction in this case; instead, there [will be] a final judgment of dismissal with prejudice. This lack of a final judgment of conviction precludes the attachment of 'legal consequences[.]'") (quoting *Camreta v. Greene*, 563 U.S. 692, 713 (2011)). This outcome "remov[es] the prime reason for vacatur—to protect the losing party from the collateral effects of a judgment that it might have been able to have overturned but for the mooting event." *Clarke v. United States*, 915 F.2d 699, 707 (D.C. Cir. 1990) (en banc); *see Camreta*, 563 U.S. at 713 ("The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication.") (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)); *Arpaio*, 951 F.3d at 1006 ("vacating the verdict here would not serve the purposes of *Munsingwear*"). "Because there are no legal consequences of the court's

2

opinion for the parties, in terms of preclusion or even precedent, vacatur is inappropriate." *Hassoun v. Searls*, 976 F.3d 121, 134 (2d Cir. 2020).

On the other hand, "'[j]udicial precedents are presumptively correct and valuable to the legal community as a whole.'" *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). Decisions such as the panel opinion in this case "are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* (quotation marks omitted).

In his motion to vacate the panel opinion, Griffin nowhere identifies how the public interest would be served by vacatur. His only mention of the public interest occurs in his claim that "[i]t is neither fair nor in the public interest to treat as precedent 'a decision which in the statutory scheme was only preliminary,' *Munsingwear,* 340 U.S. at 40, and could well have been on course to reversal but for the government's mooting of Mr. Griffin's direct appeal" (Mot. at 8). But this assertion cannot be squared with the Supreme Court's declaration that "[j]udicial precedents are presumptively correct and valuable to the legal community as a

3

whole." *U.S. Bancorp Mortgage Co.*, 513 U.S. at 26 (quotation marks omitted). As this Court has explained, "the establishment of precedent argues against vacatur, not in favor of it." *Mahoney v. Babbitt*, 113 F.3d 219, 223 (D.C. Cir. 1997). There is "no particular reason to assume that a decision, later mooted, is any less valid as precedent than any other opinion of a court." *Id.* at 222. "In fact," the Court found, *U.S. Bancorp* "holds that the precedential power of an opinion is a reason arguing *against* vacatur." *Id.* (emphasis added). *See also Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016) (noting "the harm to the public in the form of lost precedent" caused by vacatur).

Griffin's other arguments in favor of vacatur are equally unconvincing. Griffin asserts that there is no distinction between his case and *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (en banc) (see Mot. at 7). Not so. First, there is no indication in *Schaffer* that the independent counsel opposed vacatur of the panel opinions or that the Court considered the public interest involved in maintaining those valuable precedents. Second, the independent counsel did not move to vacate Schaffer's conviction; to the contrary, it "advance[d] the odd

4

suggestion that Schaffer's conviction [wa]s established as a matter of law." *Schaffer*, 240 F.3d at 38. Third, unlike in this case, the Court had already vacated one panel opinion when it granted rehearing en banc. *Id.* There are thus numerous reasons not to follow *Schaffer*'s approach here.

Griffin is also incorrect that "there exist potential adverse legal consequences" to him if the panel opinion is left in place (Mot. at 7). Griffin has been pardoned and his conviction will be vacated. Regardless of whether the panel opinion remains as precedent guiding future cases, in the eyes of the law, Griffin is presumed innocent. *See Nelson v. Colorado*, 581 U.S. 128, 135 (2017) ("once those convictions were erased, the presumption of their innocence was restored"); *Johnson v. Mississippi*, 486 U.S. 578, 585 (1988) (once a "conviction has been reversed, unless and until petitioner should be retried, he must be presumed innocent of that charge").

Contrary to Griffin's suggestion (at 7-8), he did not lose his position as a New Mexico County Commissioner because of his conviction in this case. Rather, he lost that position "because (1) he took an oath to support the Constitution of the United States as an 'executive . . . officer of any State,' (2) the January 6, 2021 attack on the United States Capitol and

5

surrounding planning, mobilization, and incitement were an 'insurrection' against the Constitution of the United States, and (3) Defendant 'engaged in' that insurrection after taking his oath." *New Mexico ex rel. White v. Griffin*, Case No. D-101-CV-2022-00473, 2022 N.M. Dist. LEXIS, at *70 (N.M. Dist. Ct., Sept. 6, 2022). As the New Mexico state court's extensive factual and legal findings in support of that conclusion make clear, its determination had nothing do Griffin's "legal theory" (Mot. at 8) that he did not violate 18 U.S.C. § 1752(a) on January 6, 2021, because he did not "kn[o]w that a Secret Service protectee was or would be temporarily visiting the Capitol grounds." *United States v. Griffin*, 119 F.4th 1001, 1012 (D.C. Cir. 2024). Nor would a failure to vacate the panel opinion in this case have any effect on Griffin's ability "to try again to run for political office" (Mot. at 8): he is already "permanently enjoined and prohibited from seeking or holding any federal or state position" as "a 'Senator or Representative in Congress, or elector of President and Vice-President,' or from 'hold[ing] any office, civil or military, under the United States, or under any State[.]'" *New Mexico ex rel.* White, 2022 N.M. Dist. LEXIS, at *70-71.

6

## Conclusion

WHEREFORE, the United States respectfully requests that its motion to vacate Griffin's conviction be granted and that Griffin's motion to vacate the panel opinion be denied.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

/s/
DANIEL J. LENERZ
D.C. Bar #888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means upon appellant's attorney, Lisa Wright, Esq., Lisa_Wright@fd.org, on this 3rd day of April, 2025.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing response contains 1,221 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney