# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

)

**UNITED STATES OF AMERICA,** )

)

    **Appellee,** )

)

    **v.** )      **No. 22-3042**

)

**COUY GRIFFIN,** )

)

    **Appellant.** )

_____)

## APPELLANT'S REPLY IN SUPPORT OF
## MOTION TO VACATE PANEL OPINION

The government argues that this Court should not vacate the panel opinion as a remedy for the government's mooting of Mr. Griffin's direct appeal because the Executive Order has protected Mr. Griffin from legal consequences and unreviewed judicial opinions must be treated as presumptively correct. But direct judicial review is not a game where one team can walk away in the middle of a playoff series and expect its lead to be treated as an official win that will advantage it against others – even if it had arranged for the game not to count as an official loss against its opponent.

1

Mr. Griffin has always contended and continues to contend that he is innocent of violating §1752 – that 1) the government failed to prove that the Capitol grounds were "otherwise restricted" at the time he entered – a "ghost of perimeter past" not qualifying as a §1752 perimeter; and 2) the trial court found him guilty without finding a critical *mens rea* element – an element the government failed to prove and of which he would be acquitted on remand.[1]

Throughout this appeal, Mr. Griffin has been in pursuit of vindication to the end – panel rehearing, rehearing en banc, and, if necessary, certiorari. Having completed his sentence, a pardon does him no good and, indeed, efforts were made to have him excluded from any

---

[1] It appears that the government, in preparing for this most recent inauguration, recognized that its reading of § 1752 remained vulnerable despite its panel victory. The government has always insisted that to prove knowledge that an area qualified as a "restricted building or grounds," it need only prove knowledge that the area was "restricted." Mr. Griffin's position has been that the government has to prove either knowledge that the area had the required *legal status* or prove knowledge of *both facts* required to create that legal status – that the area was "restricted" and that a protectee was present. Tellingly, at least as early as November 25, 2024, the government switched out the signage on the fencing around the inaugural buildout, removing signs identical to those used for the prior inauguration ("AREA CLOSED By order of the United States Capitol Police Board") and replacing them with signs making the legal status clear: "AREA CLOSED Do Not Enter or Remain Under Penalty of Prosecution 18 U.S.C. 1752."

pardon list. Those efforts having failed, he recognizes that the executive is declining to continue to pursue his case and that, regardless of his wishes, his appeal has become moot. In these circumstances, the proper and equitable outcome is vacatur of not just the district court's judgment but also the panel opinion affirming that judgment.

The government points to a Ninth Circuit opinion but this Court's *en banc* decision in *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001), is the controlling precedent. And the distinctions the government points to do not undermine the fundamental principle that applied in *Schaffer* and that is equally applicable here. Regardless whether the independent counsel opposed every aspect of the *Schaffer* Court's relief or moved itself to vacate Schaffer's conviction, and regardless whether one opinion had already been vacated, the *Schaffer* Court did not choose to vacate only what was necessary to prevent legal consequences, and did not find maintenance of any preliminary adjudications to be in the public interest. Rather, the *en banc* Court chose to wipe the slate clean, vacating "all opinions, judgments, and verdicts" on the ground that, due to "the unpredictable grace of a presidential pardon," "finality was never reached on the *legal question* of Schaffer's guilt," making such

3

vacatur the "just and appropriate" outcome. *Schaffer*, 240 F.3d at 38 (emphasis in original).

The same result is just and appropriate here. Like Schaffer, Mr. Griffin's case was on appeal and open in this Court at the time of his pardon and remains so now. *See United States v. Clarke*, 915 F.2d 699, 706 (D.C. Cir. 1990) (en banc) (vacatur appropriate where mootness occurs before disposition *en banc* or issuance of mandate, citing cases where panels vacated their opinions when mootness occurred "before the time limit for seeking en banc ran" or "[b]efore issuance of the mandate").

The government relies on *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), and *Mahoney v. Babbitt*, 113 F.3d 219 (D.C. Cir. 1997), but in both of those cases the losing party elected not to seek further relief and thereby "voluntarily forfeited his legal remedy by the ordinary processes of appeal" and "surrender[ed] his claim for the equitable remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 25; *Mahoney*, 113 F.3d at 221. In neither case was the mootness caused, as it was here, by the unilateral action of the winning party. Rather, in *U.S. Bancorp* the case was mooted when the losing party opted to enter

4

into a settlement with the winning party. 513 U.S. at 20. In *Mahoney*, the losing party opted not to seek a stay of this Court's ruling before the date the case was to become moot. 113 F.3d at 221.

This Court relied on *U.S. Bancorp* in granting vacatur in *Schaffer* and, indeed, *U.S. Bancorp* supports vacatur in this case. It reaffirms the *Munsingwear* principle that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. . . . The same is true when mootness results from unilateral action of the party who prevailed below." 513 U.S. at 25. In these circumstances, equity calls for vacatur.

The government claims that Mr. Griffin has not established that vacatur serves the "public interest," citing *U.S. Bancorp* for the proposition that judicial precedents are presumptively correct and valuable to the legal community, and thus, "should stand unless a court concludes that the public interest would be served by a vacatur." 513 U.S. at 26-27. But the Supreme Court was addressing the public interest question in the context of a request for vacatur by a party who had mooted its own appeal through a mutual settlement and the

Court's discussion makes clear that the public interest *is* served by vacatur in circumstances like Mr. Griffin's.

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party *who steps off the statutory path* to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would – quite apart from any considerations of fairness to the parties – disturb the orderly operation of the federal judicial system. *Munsingwear* establishes that the public interest is best served by granting relief when the demands of "orderly procedure," 340 U.S., at 41 . . . , *cannot be honored.*

513 U.S. at 27 (emphasis added).

Mr. Griffin did not "step off the statutory path." Rather, this is a case in which, by unilateral action of the government, the demands of orderly procedure "cannot be honored," and therefore, "the public interest is best served by granting relief." *Id.*

If the defendant in *Fischer v. United States*, 603 U.S. 480 (2024), had mooted his appeal at this stage by entering a plea agreement, it would have been equitable to have left this Court's panel opinion – unreviewed by choice of the defendant – in place as precedent. That's the way the system operates when a defendant forfeits his right to seek further relief. But if Fischer's case was mooted at this stage by

unilateral action of the government, as Mr. Griffin's case has been mooted here, one could hardly argue that it would have been fair or in the public interest for that opinion, which we now know to have been wrongly decided, to have stood as precedent.

We do not know at this point whether the panel opinion in this case is right or wrong. That, along with Mr. Griffin's claim of innocence, "remains only an unanswered question lost to . . . mootness." *Schaffer*, 240 F.3d at 38. Given the circumstances under which Mr. Griffin has been prevented from obtaining further review, there is no public interest in turning the panel opinion into a final answer and precedent when, per *Munsingwear*, it was "in the statutory scheme . . . only preliminary." 340 U.S. at 40.

Also, the panel opinion does obvious reputational harm to Mr. Griffin that the pardon does nothing to alleviate. The suit to remove him from office in New Mexico was filed on the very day of his criminal trial in this case and the conclusion that he engaged in insurrection was largely based on the finding that he "illegally" entered the Capitol grounds. To leave a decision affirming his guilt of such crime as precedent when he has been prevented from seeking to undo it through

the normal statutory process for direct criminal appeal would be deeply

unfair.

For all of these reasons, Mr. Griffin asks that the panel opinion in

this case be vacated.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____

LISA B. WRIGHT
Asst. Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
lisa_wright@fd.org

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify that the foregoing Reply in Support of Motion to
Vacate Panel Opinion was prepared in Century Schoolbook
proportionally spaced 14-point font, Fed. R. App. P. 27(d), and contains
1505 words.

/s/

_____

Lisa B. Wright