# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

## No. 22-3042

_____

## UNITED STATES OF AMERICA,
### *Plaintiff-Appellee*

### v.

## COUY GRIFFIN
### *Defendant-Appellant.*

_____

## APPELLANT'S PETITION FOR REHEARING
## AND REHEARING EN BANC

_____

## STATEMENT OF THE ISSUE AND ITS IMPORTANCE

After the panel issued its opinion affirming by a 2-1 vote Mr. Griffin's conviction for a single January 6th misdemeanor, *United States v. Griffin*, 119 F.4th 1001 (D.C. Cir. 2024), but before Mr. Griffin's time to seek rehearing had run, the government, via a pardon and related motion to dismiss the case, unilaterally mooted his appeal. This course of conduct prevented further direct review and thereby left unresolved Mr. Griffin's legal challenges to his conviction as they were lost to mootness. The panel's denial of Mr. Griffin's motion to vacate the panel

opinion in these circumstances conflicts with this Court's opinion in *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001).

## BACKGROUND

1.    On January 6, 2021, Mr. Griffin was outside on the U.S. Capitol grounds. By the time he had arrived on the grounds, the area was no longer sufficiently demarcated as restricted and Vice President Pence – the Secret Service protectee whose presence was the basis for Mr. Griffin's indictment – had been evacuated, albeit to an underground area still within what was by that time a sort of ghost of perimeter past.

2.    On March 22, 2022, Mr. Griffin was convicted after a bench trial before the Honorable Trevor N. McFadden of "knowingly" entering or remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1). On June 17, 2022, Mr. Griffin was sentenced to 14 days of imprisonment and one year of supervised release, both of which were fully served.

3.    Mr. Griffin appealed, arguing among other things that the "knowingly" requirement of § 1752(a)(1) required the government to prove that Mr. Griffin knew of the Vice President's presence. On October 22,

2024, a panel majority of this Court (Judges Pillard and Rogers) affirmed his conviction over the dissent of Judge Katsas. *Griffin*, 119 F.4th at 1004.

4. Mr. Griffin sought and obtained an extension of time to file his petition for rehearing until February 4, 2025.

5. After the issuance of the January 20th Executive Order Granting Pardons and Commutations for Certain Offenses Relating to the Events at Or Near the Capitol on January 6, 2021, counsel for the government informed undersigned that, pursuant to that Order, it intended to file a Motion to Vacate Conviction and Remand for Dismissal in this case.

6. After the government filed such a motion in *United States v. Alberts*, No. 23-3218, and this Court, over Alberts's objection, vacated his conviction and remanded with instructions to dismiss the case as moot, undersigned informed counsel for the government that, in light of *Alberts*, Mr. Griffin would not oppose its motion in his case.

7. The government's position concerning vacatur of the panel opinion remained under consideration and Mr. Griffin obtained an extension to file a rehearing petition through March 21, 2025, on the continued understanding that, in any event, the government would be moving to dismiss the case.

8.    On March 19, 2025, the government filed its Motion to Vacate Conviction and Remand for Dismissal (ECF 210864), in which it explained that the Executive Order had directed the Attorney General to pursue dismissal with prejudice of all pending January 6th cases and requested that the panel remand the case for such dismissal under Fed. R. Crim. P. 48(a). In its motion, the government asserted its disagreement with Mr. Griffin's position that the panel opinion should be vacated along with the conviction. That same day, the panel granted Mr. Griffin's request that any petition for rehearing be due one week from the Court's disposition of the government's motion to vacate and remand for dismissal.

8.    On March 31, 2025, Mr. Griffin filed a Motion to Vacate the Panel Opinion and Response to the Government's Motion to Vacate Conviction and Remand for Dismissal (ECF 2108641). On April 3, 2025, the government filed a response to Mr. Griffin's Motion to Vacate the Panel Opinion (ECF 2109280). On April 10, 2025, Mr. Griffin filed a reply (ECF 2110501).

9.    On March 19, 2026, the panel issued an order granting the government's motion to vacate the conviction but denying without explanation Mr. Griffin's motion to vacate the panel opinion:

ORDERED that the judgment of the district court be vacated and the case be remanded with instructions to dismiss the case as moot. *See United States v. Schaffer*, 240 F.3d 35, 37-38 (D.C. Cir. 2001) (en banc). It is

FURTHER ORDERED that the motion to vacate the panel opinion be denied.

## REASONS FOR GRANTING THE PETITION

The panel relied on *Schaffer* as authority for vacating the conviction and remanding for dismissal of the case as moot yet acted contrary to *Schaffer* in refusing to also vacate the panel opinion despite the government's having unilaterally mooted any further appeal by moving to dismiss its prosecution pursuant to the Executive Order pardoning Mr. Griffin.

*Schaffer* was a criminal case in which the government's appeal of the grant of a new trial – on *en banc* review at the defendant's request – was mooted by the defendant's pardon. This Court, *en banc*, vacated "all opinions, judgments, and verdicts of this [C]ourt and the District Court" and remanded to the district court with directions to dismiss the case as moot, reasoning that "[f]inality was never reached on the *legal question* of Schaffer's guilt" "because the appeals process was terminated

prematurely." *Id.* at 38 (emphasis in original). The Court stated its rule

clearly:

> When a case becomes moot on appeal, whether it be
> during initial review or in connection with consideration
> of a petition for rehearing *en banc*, this [C]ourt generally
> vacates the District Court's judgment, *vacates any*
> *outstanding panel decisions*, and remands to the District
> Court with direction to dismiss.

*Id.* (emphasis added) (citing *United States v. Munsingwear, Inc.*, 340 U.S.

36, 39 (1950) ("The established practice of the Court in dealing with a civil

case from a court in the federal system which has become moot while on its

way here or pending our decision on the merits is to reverse or vacate the

judgment below and remand with a direction to dismiss."")).[1]

This Court in *Schaffer* reasoned that vacatur was "just and

appropriate" "[b]ecause the present mootness results not from any

voluntary act of settlement or withdrawal by Schaffer, but from the

unpredictable grace of a presidential pardon." 240 F.3d at 38. The *Schaffer*

situation is in contrast to cases where *Munsingwear* has not been applied

---

[1] The Supreme Court has also applied *Munsingwear* in the criminal context. *See Claiborne v. United States*, 551 U.S. 87 (2007) (vacating Eighth Circuit judgment as moot under *Munsingwear* after death of defendant-petitioner on certiorari defending district court's sentencing variance).

because the losing party elected not to seek further relief and thereby "voluntarily forfeited his legal remedy by the ordinary processes of appeal" and "surrender[ed] his claim for the equitable remedy of vacatur." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 20, 25 (1994) (losing party opted to enter into settlement with winning party). *Compare also Mahoney v. Babbitt*, 113 F.3d 219, 221 (D.C. Cir. 1997) (losing party opted not to seek a stay of this Court's ruling before the date the case was to become moot).

Here, as in *Schaffer*, the Executive Order stemming from a presidential pardon and directing the government to dismiss this case was an unpredictable act that unilaterally mooted Mr. Griffin's case. Mr. Griffin's appeal at the panel level was decided over a strong dissent by Judge Katsas. Given the significance of the legal issues raised, Mr. Griffin had every intention of pursuing *en banc* review and, if necessary, Supreme Court review. His claim regarding the *mens rea* required for a violation of § 1752 raised a broader issue about the presumptive *mens rea* to be applied when a criminal offense element has both a substantive and a jurisdictional component – an important legal question of the type on which further review is often granted.

Having already served his sentence, and wanting legal, not political, vindication, Mr. Griffin had actively sought to be excluded from any pardon list. When that was unsuccessful, he withheld any opposition to the government's motion to vacate and dismiss only because this Court in *Alberts*, No. 23-3218, had already granted an identical motion over the same opposition. Thus here, as in *Schaffer*, it is for reasons beyond Mr. Griffin's control that the validity of the guilty verdict will "remai[n] only an unanswered question lost to the same mootness that the [government] . . . concedes." 240 F.3d at 38. "The same is true of [Mr. Griffin's] claim of innocence. That claim will never again be tried." *Id.* The government should not be permitted to quit while it is ahead and keep as precedent "a decision which in the statutory scheme was only preliminary," *Munsingwear*, 340 U.S. at 40, and could well have been on the way to reversal but for its unilateral action.[2]

---

[2] It appears that the government, in preparing for the 2025 inauguration, recognized that its reading of § 1752 remained vulnerable despite its panel victory. The government insisted throughout this case that to prove knowledge that an area qualified as a "restricted building or grounds," it need only prove knowledge that the area was "restricted." Mr. Griffin asserted that the government had to prove either knowledge that the area had the required *legal status* or prove knowledge of *both facts* required to create that legal status – that the area was "restricted" and that a protectee was present. Tellingly, at least as early as November 25, 2024, the government switched out the signage on the fencing around the

Even with his conviction vacated, the panel opinion wreaks reputational damage on Mr. Griffin, who has already been ruled ineligible for his position as a New Mexico County Commissioner under the Insurrection Clause of the United States Constitution, a decision that was based largely on the finding that he was on the Capitol grounds "illegally" – the very issue in this truncated appeal.

## CONCLUSION

For the foregoing reasons, this Court should grant panel rehearing or en banc rehearing to order the panel opinion in this case vacated.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
LISA B. WRIGHT
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, D.C.   20004
(202) 208-7500
lisa_wright@fd.org

---

inaugural buildout, removing signs identical to those used for the 2021 inauguration ("AREA CLOSED By order of the United States Capitol Police Board") and replacing them with signs making the legal status clear: "AREA CLOSED Do Not Enter or Remain Under Penalty of Prosecution 18 U.S.C. 1752."

## CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMITATION

I hereby certify that the foregoing Petition for Rehearing and Rehearing En Banc was prepared in Century Schoolbook 14-point font, and pursuant to Fed. R. App. P. 35 contains 1526 words.

/s/

Lisa B. Wright

# ADDENDUM

1.  Panel Order, March 19, 2026

2.  Certificate of Parties and Amici Curiae

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-3042**                                    **September Term, 2025**

**1:21-cr-00092-TNM-1**

**Filed On:** March 19, 2026

United States of America,

        Appellee

   v.

Couy Griffin,

        Appellant


**BEFORE:**    Pillard and Katsas, Circuit Judges; and Rogers, Senior Circuit Judge

## O R D E R

Upon consideration of appellee's motion to vacate conviction and remand for dismissal, appellant's response thereto combined with a motion to vacate panel opinion, appellee's response and reply, and appellant's reply, it is

**ORDERED** that the judgment of the district court be vacated and the case be remanded with instructions to dismiss the case as moot. See United States v. Schaffer, 240 F.3d 35, 37-38 (D.C. Cir. 2001) (en banc). It is

**FURTHER ORDERED** that the motion to vacate the panel opinion be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.


**Per Curiam**


              **FOR THE COURT:**
              Clifton B. Cislak, Clerk

      BY:   /s/
              Daniel J. Reidy
              Deputy Clerk

# CERTIFICATE OF PARTIES
# AND AMICI CURIAE

This appeal arises from a criminal conviction of defendant-appellant Couy Griffin by plaintiff-appellee, the United States of America.  The parties on appeal are the same as those below. There have been no intervenors or <u>amici</u> in the district court or on appeal.